UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES,

    -against-                               **MEMORANDUM AND ORDER**
                                                  No. 04-CR-314 (S-1)

GESNER DELVA,

                Defendant.
------------------------------------------------x

**BLOCK, Senior District Judge:**

The Court previously denied the defendant's motion to adjust his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines because the amendment did not change the base offense level. The defendant, both *pro se* and through counsel, moves for reconsideration, arguing that the Court should conduct a *Fatico* hearing and reassess its finding that the defendant was responsible for more than 600 kilograms of cocaine.

The defendant's argument is beyond the scope of Amendment 782 and, therefore, beyond the Court's authority under § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 831 (2010) ("Because the aspects of his sentence that Dillon seeks to correct were not affected by the Commission's amendment to § 2D1.1, they are outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address them."). Unlike *United States v. Rios*, 765 F.3d 133 (2d Cir. 2014), a finding that the defendant was responsible for *less* than 450

kilograms of cocaine would necessarily conflict with the Court's prior finding that he was responsible for *more* than 600 kilograms. *See id.* at 138 ("[N]othing prevents a district court from making new findings of fact when ruling on a § 3582(c)(2) motion, so long as those findings are not inconsistent with those made at the original sentencing.").

Accordingly, the motions for reconsideration are denied.

**SO ORDERED.**

<u>/S/ Frederic Block</u>
FREDERIC BLOCK
Senior United States District Judge

June 28, 2016
Brooklyn, New York