UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

   -against-

GESNER DELVA,

          Defendant.

---

**MEMORANDUM AND ORDER**
Case No. 04-CR-314-1

*For the Government:*
WHITMAN G.S. KNAPP
U.S. Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

*For the Defendant:*
ALLEGRA GLASHAUSSER
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

    Gesner Delva ("Delva" or "Defendant") has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) following a recent change to the Sentencing Guidelines that lowered the range applicable to the offenses of which he was convicted. For the following reasons, his motion is GRANTED and his sentence reduced to 188 months.

    **I.   Background**

    On October 9, 2009, the Court sentenced Delva to 293 months' imprisonment, after a jury convicted him on all three counts[1] of an indictment

---

[1] Delva was charged with and convicted of (1) conspiracy to import cocaine in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B)(ii), and 963; (2) conspiracy to distribute and possess with intent

arising out of his involvement with a Haitian cocaine importation and distribution organization. *See* Judgment, ECF No. 217. The evidence at trial demonstrated Delva's involvement in compiling hundreds of kilograms of cocaine in Haiti, which was sent to New York in secret compartments that Delva had constructed in shipping containers.

At the time, the recommended guidelines range for Delva's offenses suggested a sentence of 235 to 293 months, based on a total offense level of 38 and criminal history category of 1. *See* Sentencing Tr. at 19, ECF No. 231. The Court sentenced Delva to 293 months, at the top end of this guidelines range, given both his personal involvement in the operation and the "astounding amount" of cocaine imported. *Id.* at 24.

On November 1, 2023, Amendment 821 to the Sentencing Guidelines took effect with retroactive application. *See* U.S.S.G. § 1B1.10(d). Among other changes, Amendment 821 provides for a two-level decrease in the offense level for those defendants who had no criminal history points and whose offense did not involve one of several specified factors. *See* U.S.S.G. § 4C1.1(a). Delva now moves for a sentence reduction on the grounds that retroactively applying

---

to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), and 846; and cocaine importation in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(B)(ii).

2

Amendment 821's two-level decrease would correspondingly lower the recommended guidelines range for his previously imposed sentence.

## II. Discussion

Pursuant to 18 U.S.C. § 3582(c)(2), the Court has discretion to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," after considering the factors set forth in 18 U.S.C. § 3553(a).

The Supreme Court has explained that a sentence reduction made pursuant to this statute is distinct from a "resentencing." *See Dillon v. United States*, 560 U.S. 817, 825–26 (2010) (finding the "language of § 3582(c)(2) belies [defendant's] characterization of proceedings under that section" as a resentencing and explaining that in § 3582(c)(2) "Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding"). Consequently, the Court may consider and make modifications on the papers submitted, without the need for a *de novo* resentencing. *Cf. Kaziu v. United States*, 108 F.4th 86, 91–92 (2d Cir. 2024) (citing *United States v. Rigas*, 583 F.3d 108, 118 (2d Cir. 2009)) (explaining circumstances requiring *de novo* resentencing).

The Court's consideration of a § 3582(c)(2) motion is a two-step process, in which the Court must first determine a defendant's eligibility for a sentence

modification and amended guidelines range, and then, if the defendant is eligible, weigh the § 3553(a) factors in considering whether, in the Court's discretion, a reduction is warranted. *See Dillon*, 560 U.S. at 827.

At the first step, the Government agrees with Delva that he is eligible for a two-point reduction that would reduce his offense level from 38 to 36, with a corresponding recommended guidelines range of 188 to 235 months. *See* Gov't Opp'n at 8, ECF No. 370. This is so because Delva had zero criminal history points prior to this case, and no other exclusion contained in the new guidelines at U.S.S.G §§ 4.C1.1(a)(2)–(10) applies. At Delva's sentencing, the Government had sought an enhancement to Delva's offense level based on his role as a leader of the drug trafficking organization. *See* Sentencing Tr. at 13–14. Though the Court was initially inclined to agree that this enhancement was appropriate, ultimately the Court declined to apply such an enhancement. *See id.* at 18–19. Therefore, as both parties agree, Delva is eligible for a two-point modification, and not rendered ineligible for playing an aggravating role in the offense. *See* U.S.S.G. § 4C.1.1(a)(10) (providing that defendant is eligible for an adjustment if they "did not receive an adjustment under § 3B1.1 (Aggravating Role)").

Because Defendant is eligible for a reduction, the Court at the second step must consider the § 3553(a) factors to determine whether a reduction is warranted. Additionally, the Court "may consider post-sentencing conduct of the defendant

4

that occurred after imposition of the term of imprisonment." U.S.S.G. § 1B1.10, cmt. n. 1(B)(iii).

In considering the nature of Delva's offenses and the need to protect the public from further crimes of the defendant, the Court observes that Delva has no personal history of violent behavior. *See* 18 U.S.C. § 3553(a)(1), (2). Additionally, upon release, Delva faces probable deportation to Haiti, where he has family, including two children. *See* ECF No. 367. These factors, coupled with his health issues,[2] suggest that the risk to public safety posed by a reduced sentence would be slight. In contemplating Delva's post-sentencing conduct pursuant to 1B1.10, the Court notes that Delva has participated in more than 26 educational programs and earned a custodial maintenance certification. *See* ECF No. 366, at 6–27. During his incarceration, he has also studied and attained fluency in English, a language he did not speak at the time of his trial. *See id.* at 4. He has incurred only four disciplinary infractions during his more than 17 years in custody. *See* Supp. Presentence Rep., ECF No. 365.

Finally, in weighing the need for the sentence imposed to provide just punishment and promote deterrence of future criminal conduct, the Court finds a reduction to 188 months[3] is warranted. *See* 18 U.S.C. § 3553(a)(1), (2). This is

---

[2] Delva suffers from several chronic health conditions: hypertension, anxiety, and colon polyps.
[3] The Court notes that reducing Delva's sentence to 235 months, the top of the new guidelines range, would be, practically speaking, the same as a reduction to 188 months. Delva is currently

5

sufficient, but not greater than necessary, to promote these aims set forth in § 3553(a). Delva's co-conspirator, Alix Hyppolite, initially received a sentence of 290 months' imprisonment after being convicted on the same counts as Delva, plus several additional charges. In 2015, Judge Raymond Dearie upon a similar § 3582(c)(2) motion reduced Hyppolite's sentence to 188 months, reasoning that such a sentence appropriately balanced the public safety, deterrence, and other § 3553(a) factors. *See United States v. Hyppolite*, No. 04-CR-314-RJD-5, slip op. at 3 (E.D.N.Y. May 13, 2015). The same is true here.

### III.   Conclusion

For the foregoing reasons, Delva's motion for relief pursuant to 18 U.S.C. § 3582(c)(2) is granted and his sentenced reduced to 188 months.

**SO ORDERED.**

                                                _/S/ Frederic Block_
                                                FREDERIC BLOCK
                                                Senior United States District Judge

Brooklyn, New York
January 21, 2025

---

projected to be released on November 10, 2027. *See* Supp. Presentence Rep. at 3. Reducing his sentence by 58 months—from 293 months to 235—would thus likely result in his immediate release, just as a reduction to 188 months. Nevertheless, the Court in reviewing the record and weighing the § 3553(a) factors finds that a reduction to 188 months is indicated.